[767 NYS2d 830]

In the Matter of JEFFREY A. SIEGEL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 1, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated May 19, 2003, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and (ii) based upon his failure to comply with the petitioner's lawful demands, as well as his substantial admissions under oath that he committed an act or acts of professional misconduct immediately threatening the public interest. The order authorized the petitioner to institute and prosecute a disciplinary proceeding against the respondent, referred the issues raised to the Honorable John J. Clabby as Special Referee to hear and report, and appointed Catherine Sammartino as conservator to inventory the files of the respondent and to take such action as is deemed proper and advisable to protect the interests of the respondent's former clients. By decision and order on motion of this Court dated May 27, 2003, the petitioner was authorized to serve a supplemental petition upon the respondent, and the issues raised therein were referred to Special Referee Clabby along with charges previously referred to him.

The petitioner now moves for a determination that the respondent has defaulted based upon his failure to file an answer to the petition and supplemental petition as directed in the Court's orders and that the charges set forth therein are deemed established, and to direct that the respondent be disciplined upon the charges set forth in the petition and supplemental petition.

The decision and order on motion of this Court dated May 19, 2003, was personally served on the respondent on May 22, 2003. A petition dated March 17, 2003, containing three charges of professional misconduct based on the respondent's intentional misrepresentation to a client of the status of a case, failure to cooperate with the Grievance Committee, and engaging in a pattern and practice of neglecting legal matters entrusted to him, was served on the respondent along with the petitioner's order to show cause seeking his suspension. The decision and order on motion dated May 19, 2003, directed the respondent to serve and file an answer within 10 days after service upon him of a copy of that order. By further decision and order on motion of this Court dated May 27, 2003, the petitioner was authorized to serve a supplemental petition of charges upon the respondent. That decision and order on motion directed the respondent to serve an answer to the supplemental petition within 10 days after service upon him of a copy of the supplemental petition. The supplemental petition dated June 24, 2003, was personally served upon the respondent on June 25, 2003. It

contained two charges of professional misconduct against the respondent emanating from his engaging in conduct involving fraud, deceit, or misrepresentation and conduct prejudicial to the administration of justice, and failure to cooperate with the petitioner.

The respondent did not answer the petition or supplemental petition within the time directed. Accordingly, he is in default and the charges against him must be deemed established. Although the petitioner personally served the respondent with the notice of motion for a finding of default and its accompanying affirmation on July 14, 2003, the respondent neither submitted a reply nor requested an extension of time in which to do so.

Under the circumstances, the petitioner's motion is granted, the charges contained in the petition and supplemental petition are deemed established, the respondent is disbarred on default, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., SANTUCCI, ALTMAN, FLORIO and TOWNES, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeffrey A. Siegel, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Jeffrey A. Siegel, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.